Yang v. Sessions

BIA
Rohan, IJ
A089 094 373

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand seventeen.

PRESENT:
>        GUIDO CALABRESI,
>        DEBRA ANN LIVINGSTON,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

ZHEN QIANG YANG,
>        *Petitioner,*

>        v.                                                15-4061
>                                                          NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Gerald Karikari, New York, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Daniel
                           E. Goldman, Senior Litigation
                           Counsel; Matthew A. Spurlock, Trial
                           Attorney, Office of Immigration
                           Litigation, United States
                           Department of Justice, Washington,
                           D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Qiang Yang, a native and citizen of the People's Republic of China, seeks review of a November 18, 2015, decision of the BIA, affirming a March 11, 2014, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Qiang Yang,* No. A089 094 373 (B.I.A. Nov. 18, 2015), *aff'g* No. A089 094 373 (Immig. Ct. N.Y. City Mar. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA affirmed the IJ's decision without opinion, we have reviewed "the IJ's decision as the final agency determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Yang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies

2

between an applicant's and witness's statements, "and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  "A petitioner must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'"  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 77, 76 (2d Cir. 2004)).  Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies concerning Yang's church attendance in the United States.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Yang testified that he attends that Evangelical Mission Church in Manhattan and submitted photographs purporting to show his attendance at that church. Pastor Yang and Pastor Lin, both of the Evangelical Mission Church, were shown the photographs; neither recognized the

3

subjects in the photographs. When confronted with this discrepancy, Yang confessed that he had taken some of the photographs at his aunt's church, not at the Evangelical Mission Church as the text below each picture indicated. The IJ reasonably drew a negative inference from Yang's explanation of the above discrepancy—that his aunt told him all churches were the same and instructed Yang to "just go to [the Queens] church and take some pictures" for his application—and concluded that this suggested Yang "only attended church in Queens to procure evidence to bolster his" application. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Yang concedes that this discrepancy exists, but argues that it does not affect his claim of past persecution in China. He is wrong. This inconsistency concerned an issue central to Yang's asylum claim, that is, whether or not he is (or was) a practicing Christian. Thus, even alone, it provided substantial evidence to support the adverse credibility determination. *Cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006); *see also Siewe*, 480 F.3d at 170.

4

Nor was the agency compelled to accept his explanation that he believed the Evangelical Mission Church (in Manhattan) and his aunt's church (in Queens) were the same: his explanation does not resolve why the photographs of different structures are all labeled "Evangelical Mission Church" or why he maintained that he attended the Evangelical Mission Church until Pastor Yang testified to the contrary. *See Majidi*, 430 F.3d at 80.

Yang also generally challenges the adverse credibility determination on the basis that the inconsistencies do not go to the heart of his claim. However, his argument is misplaced for two reasons. As discussed above, the inconsistencies are material. And he incorrectly relies on pre-REAL ID Act precedent. Under the REAL ID Act, which governs Yang's case, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination," where, as here, "the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

We note that the IJ made misstatements regarding Yang's efforts to procure church witnesses to testify on his behalf. The IJ found an inconsistency between Yang's December 2011 testimony that he had "spoke[n] to Pastor Lin" at the

5

Evangelical Mission Church about testifying, and Pastor Lin's testimony in June 2012 that Yang had not been to the Evangelical Mission Church since June 2011. But Yang mentioned two different Pastor Lins and the record is unclear which pastor he initially asked to testify. The IJ also found an inconsistency between Yang's December 2011 testimony that Pastor Yang refused to testify or submit a letter, and Pastor Yang's June 2012 testimony "that he had not seen [Yang] since [his] baptism in 2008"; the transcript of the December 2011 hearing makes no mention of Pastor Yang or of this alleged conversation. What is clear despite these errors is that Yang did not know where the Evangelical Mission Church was located when he said, in December 2011, that he asked the pastors to testify. Accordingly, despite the IJ's misstatements, the ultimate conclusion that Yang could not have approached anyone at the Manhattan church in the month before the December 2011 hearing, is supported by the record. We conclude, moreover, not only that the totality of the circumstances supports the adverse credibility determination, but that remand to correct the minor errors would be futile. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016).

6

The inconsistencies, which call into question whether Yang is a practicing Christian and thereby undermine his credibility as to both past harm on that basis and his alleged fear of future harm, are dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7